ON MOTION TO STRIKE
PER CURIAM.
Burke’s appeal is from an adverse summary judgment entered on the apparent ground that the record indisputably showed that Burke was injured while on the job as an employee of Otis Elevator Company, a subcontractor of Charles B. Esher, Inc., and therefore, his exclusive remedy was under the Workmen’s Compensation Act. His brief, which Esher has moved to strike, merely states:
“. . . that based upon the affidavits and depositions before the Trial Court at the Summary Judgment hearing, a question of fact was presented as to whether or not the appellant/plaintiff was a subcontractor [sic].”
and concludes with the legal proposition that under such circumstances a summary judgment is precluded.
Burke’s brief tells us nothing of the facts of the case. It does not refer us to any part of the record which would show the existence of the needed genuine issue of material fact. The place in the “affidavits and depositions” where we might find the question of fact is shrouded in mystery. In short, Burke’s brief, if accepted in its present form, would require the appellee to course through the record on appeal to find something which might support Burke’s contention and then to respond to its own speculation as to Burke’s meaning. We will impose no such requirement on the appellee.
Accordingly, Esher’s motion to strike is granted, Burke’s brief is stricken, and Burke is hereby given fifteen (15) days from this date to file an amended brief complying with the Florida Rules of Appellate Procedure.